THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Stanley Golson, Appellant.
 
 
 
 
 

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No.  2010-UP-347  
 Submitted June 1, 2010  Filed July 6,
2010

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best,
 of Columbia, for Appellant. 
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Senior Assistant Attorney General Norman Mark Rapoport,
 all of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent. 
 
 
 

PER CURIAM:  Stanley Golson
 was convicted of distribution of crack cocaine and distribution of crack
 cocaine within proximity of a school.  The trial court sentenced Golson to life
 imprisonment without the possibility of parole under the recidivist statute. 
 Golson appeals, arguing his sentence violates the cruel and unusual punishment
 clause of the Eighth Amendment of the United States Constitution.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  S.C. Code Ann. § 17-25-45(B)(1)
 (2003) (stating "upon a conviction for a serious offense . . . a person
 must be sentenced to a term of imprisonment for life without the possibility of
 parole if that person has two or more prior convictions for . . . a serious
 offense"); S.C. Code Ann. § 17-25-45(C)(2)(b) (Supp. 2009) (defining "trafficking
 in ice, crank, or crack cocaine" and "distribut[ing], sell[ing],
 manufactur[ing], or possess[ing] with intent to distribute controlled substances
 within proximity of school" as serious offenses); State v. Williams,
 380 S.C. 336, 346, 669 S.E.2d 640, 646 (Ct. App. 2008) ("The cruel and unusual punishment clause requires
 that the duration of a sentence not be grossly disproportionate with the
 severity of the crime."); Id. at 347-48, 669 S.E.2d at 646 ("Our
 courts have also determined stiff penalties for drug crimes do not violate the
 constitutional prohibition against cruel and
 unusual punishment."); State v. Brannon, 341 S.C. 271, 281, 533 S.E.2d
 345, 350 (Ct. App. 2000) (finding the enhanced penalty scheme for serious
 offenses is not unconstitutional).  
AFFIRMED.
SHORT,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.